IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRICK WILLIAMS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-2669 |
| | : | |
| **THE PENNSYLVANIA PAROLE BOARD, J. RIVELLO, THE PENNSYLVANIA ATTORNEY GENERAL, THE DISTRICT ATTORNEY OF PHILADELPHIA COUNTY** | : : : : : : | |

## **MEMORANDUM**

**KEARNEY, J.**                                                                                                               **November 4, 2024**

The incarcerated Tyrick Williams seeks release from a July 2022 sentence of four to eight years imposed by the state court following his guilty plea. The Pennsylvania Parole Board denied his request for parole in March 2023 and April 2024 after interviewing him and reviewing his records. The Board offered detailed reasons for their denials consistent with factors defined by the Pennsylvania General Assembly. He now pro se seeks habeas relief claiming the Parole Board's denials are arbitrary, egregious, and capricious. We disagree. He offers no grounds to find the Pennsylvania Parole Board's explained denials violate his due process rights or constitute cruel and unusual punishment. We dismiss his petition. We also find no need for an evidentiary hearing for purely legal issues and no basis for a certificate of appealability.

I. **Background**

Tyrick Williams pleaded guilty in Philadelphia County on July 19, 2022 to state offenses of aggravated assault, persons not to possess or use firearms, and carrying a firearm in public.[1] Judge Kyriakakis sentenced Mr. Williams to a term of imprisonment of four to eight years.[2]

The Pennsylvania Parole Board denied Mr. Williams parole on March 15, 2023 and April 12, 2024 after interviewing him and reviewing his file.[3] The Board explained the reasons for its decision in March 2023: (1) Mr. Williams needs to participate in and complete additional institutional programs; (2) his institutional behavior, including reported misconduct in county jail; (3) his risk and needs assessment indicating his level of risk to the community; (4) the negative recommendation from the Department of Corrections; and (5) reports, evaluations, and assessments/level of risk indicating his risk to the community.[4] The Board agreed to interview Mr. Williams in March 2024, review his file, and consider whether he: (1) "successfully participated in/successfully completed a treatment program for violence prevention;" (2) complied with Department of Corrections mental health services; (3) received a favorable recommendation for parole from the Department of Corrections; and (4) received a clear conduct record.[5] The Board advised Mr. Williams he may apply for parole or reparole consistent with Pennsylvania statute.[6]

The Board again denied parole on April 12, 2024 after interviewing Mr. Williams and reviewing his file explaining: (1) his institutional behavior, including reported misconducts; (2) his risk and needs assessment indicating his level of risk to the community; (3) the negative recommendation from the Department of Corrections; and (4) reports, evaluations, and assessments/level of risk indicating his risk to the community.[7] The Board advised Mr. Williams it will review parole in or after March 2025 and at his next interview, the Board will review his file and consider whether he received a favorable recommendation for parole from the Department of Corrections and whether he received a clear conduct record.[8] The Board's reasons did not include the participation in and completion of institutional programs and Mr. Williams alleged he completed institutional programs.[9]

## II.  Analysis

Mr. Williams then pro se petitioned for habeas relief seeking immediate parole by challenging the Board's denials as "arbitrary, egregious and capricious."[10] He raised two grounds: (1) the Board abused its discretion when it twice denied him parole for the same arbitrary, egregious, and capricious reasons lacking merit and with no "rational relationship" to rehabilitation in violation of his constitutional rights; and (2) the Board's decision is abusive because he "was used as a pawn for financial reasonings [sic]."[11] Mr. Williams asks us to "overturn" the Board's decision and release him from state custody.[12]

Congress allows Mr. Williams to challenge the denial of parole under 28 U.S.C. § 2254.[13] Congress, through section 2254, provides habeas relief to "a person in custody pursuant to a judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[14]

Mr. Williams does not identify the constitutional right he believes the Board violated. The Board construes the basis of his petition as a violation of his procedural and substantive due process rights under the Fourteenth Amendment.[15] Mr. Williams responded, claiming the Board's denial of parole violates his Eighth Amendment right to be free of cruel and unusual punishment.[16]

### A. We deny Mr. Williams's habeas petition asserting Fourteenth Amendment due process claims.

We liberally construe Mr. Williams's pro se habeas petition as alleging the Board's denial of parole violated his Fourteenth Amendment rights to procedural and substantive due process. The Fourteenth Amendment guarantees no state shall "deprive any person of life, liberty, or property, without due process of law …."[17] To state a Fourteenth Amendment procedural due process claim, Mr. Williams must allege: (1) the existence of a protected interest in life, liberty, or property interfered with by the state; and (2) established procedures "attendant upon that

deprivation were constitutionally deficient."[18] Mr. Williams cannot establish the first element because there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.[19] And Pennsylvania state law does not create a liberty interest in parole.[20] To the extent Mr. Williams's habeas petition asserts a procedural due process claim, it is dismissed.

We turn to substantive due process. While there is no liberty interest in the right to parole, the Commonwealth's Parole Board may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising a constitutional right, and cannot consider a factor which "shocks the conscience."[21] The Board may not base a parole decision on factors having no "rational relationship to rehabilitation or deterrence."[22] But we are "not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."[23]

Mr. Williams pro se alleges the Board's decisions are arbitrary, egregious, and capricious because the Board denied him parole twice for the same reasons and those reasons have no rational relationship to rehabilitation. He challenges one of the Board's reasons for denial based on his risk to the community without telling him how it determined the risk. He also claims, without factual basis, the Board's decisions to deny him parole are abusive because he is being "used as a pawn for financial reasonings."

Mr. Williams does not allege facts to support his claim the Board's decisions were based on race or other constitutionally impermissible grounds, were based on factors with no rational relationship to rehabilitation, or shock the conscience. The Board's stated reasons for its March 2023 and April 2024 decisions are based on its interviews of Mr. Williams and reviews of his file considering the permissible factors set by the Pennsylvania General Assembly.[24] The Board based

4

its March 2023 decision on factors including his need to participate in and complete additional institutional programs, his reported misconduct, his risk and needs assessment indicating a level of risk to the community, and a negative recommendation from the Department of Corrections.

Mr. Williams alleges he completed "all court and institutional programs" by the time of the Board's April 2024 decision.[25] The Board denied parole based on factors including his reported misconduct, his risk and needs assessment indicating risk to the community, and a negative recommendation from the Department of Corrections.

Mr. Williams disagrees with the Board's reasons as arbitrary and without a rational relationship to rehabilitation, disagrees with his level of risk assessment, and objects because the Board "won't tell [him] how [it] determined [his level of risk]."[26] The Board based its decision on factors required by the Pennsylvania General Assembly. Mr. Williams does not allege arbitrary factors nor does he allege conscious-shocking or deliberatively indifferent conduct. Even if we agreed with Mr. Williams, the Board's decision based on an evaluation of his risk to the community is only one of several factors the Board considered in denying parole. Mr. Williams cannot establish a substantive due process claim.

### B. We deny Mr. Williams's habeas petition asserting a violation of his Eighth Amendment rights.

Mr. Williams's briefing (not his Petition) argues the Board's denial of parole is a violation of his Eighth Amendment right to be free of cruel and unusual punishment by "not giving me an opportunity to show myself [and] members of society that due to my incarceration, I changed as a person for the better, to be a productive member of society."[27] Mr. Williams also asserts the Board abused its "power with the help of [the Department of Corrections] for financial purposes, they gain off of inmates being incarcerated from the federal government [sic]."[28] Mr. Williams asserts it is "unfair and harsh when you weigh a denial on a favorable recommendation from the

5

Department of Corrections, when Staff at facilities do not correspond or evaluate a[n] inmate long enough to determine[e] a favorable recommendation, but again I was rehabilitated by Corrections."[29]

The Board's decisions denying parole before Mr. Williams's maximum sentence date does not constitute cruel and unusual punishment under the Eighth Amendment.[30] Mr. Williams does not have a right to be released before the expiration of his maximum sentence. We deny Mr. Williams's habeas petition to the extent he argues the denial of parole violated his rights under the Eighth Amendment.

### C. We deny a certificate of appealability.[31]

We find no basis for a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[32] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[33] Mr. Williams "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[34]

We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Williams's claims.

## III. Conclusion

We deny Mr. Williams's habeas petition and deny a certificate of appealability.

---

[1] ECF 1 at 4, ¶ 5; ECF 7-1 at 4 (using the pagination assigned by the CM/ECF docketing system).

---

[2] *Id.*

[3] ECF 9-1 at 8-9, 11-12 (using the pagination assigned by the CM/ECF docketing system).

[4] *Id.* at 8.

[5] *Id.* at 8-9.

[6] *Id.* at 9; 61 PA. CONS. STAT. ANN. § 6139.

[7] ECF 9-1 at 11.

[8] *Id.*

[9] ECF 1 at 8.

[10] ECF 1 at 8, ¶ 12. We granted Mr. Williams's motion to proceed without paying the filing fee and directed the Board to address whether and if the habeas claim is properly exhausted. ECF 5. The Board responded, asserting Mr. Williams failed to exhaust his state court remedies and we should deny his habeas petition. ECF 7. We disagreed with the Board, finding no decision from our Court of Appeals overruling *DeFoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005) which held exhaustion applies only to parole denial claims alleging a violation of the *Ex Post Facto* Clause challenged in the state courts through a mandamus action. ECF 8. We directed the parties to proceed with briefing on the merits. *Id.*

[11] ECF 1 at 8-10 ¶ 12.

[12] *Id.* at 19.

[13] *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001).

[14] 28 U.S.C. § 2254(a).

[15] ECF 9.

[16] ECF 10.

[17] U.S. CONST. amend. XIV § 1.

[18] *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 459-60 (1989) (analyzing Fourteenth Amendment procedural due process claim by incarcerated persons challenging state's prison's visitation policies); *see also Reed v. Goertz*, 598 U.S. 230, 236 (2023) (elements of a procedural due process claim).

[19] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Newman v. Beard*, 617 F.3d 775, 782-83 (3d Cir. 2010); *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996).

---

[20] *Newman*, 617 F.3d at 782; *Folk v. Att'y Gen. of Commw. of Pa.*, 425 F. Supp. 2d 663, 670-71 (W.D. Pa. 2006); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001), *opinion after certified question answered*, 251 F.3d 480 (3d Cir. 2001).

[21] *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).

[22] *Block v. Potter*, 631 F.2d 233, 237 (3d Cir. 1980).

[23] *Coady*, 251 F.3d at 487.

[24] 61 PA. CONS. STAT. ANN. § 6135(a).

[25] ECF 1 at 8, ¶ 12.

[26] *Id.*

[27] ECF 10 at 2 (using the pagination assigned by the CM/ECF docketing system).

[28] *Id.*

[29] *Id.* at 3.

[30] *Rhodes v. Hainsworth*, No. 22-4433, 2024 WL 3650450, at *5 (E.D. Pa. Feb. 21, 2024) (citing *Greenholtz*, 442 U.S. at 7), *report and recommendation approved and adopted*, 2024 WL 3650449 (E.D. Pa. Mar. 8, 2024); *Johnson v. McGinley*, No. 21-1280, 2022 WL 17228668, *8 (M.D. Pa. Oct. 13, 2022) (citing *Greenholtz*, 442 U.S. at 7 and *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989)), *report and recommendation approved and adopted*, 2022 WL 17228664 (M.D. Pa. Nov. 23, 2022), *cert. of appealability denied*, No. 22-3393, 2023 WL 9020962 (3d Cir. May 26, 2023).

[31] There is also no basis to hold a hearing because he cannot meet the standards set by Congress in section 2254(e)(2). Our scope of review under section 2254 is limited. Our decision today is based solely on a question of law, not facts. Congress through section 2254(e)(2) prevents us from holding an evidentiary hearing unless "[Mr. Williams] shows that—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 388 (2022).

[32] 28 U.S.C. § 2253(c)(1)(A).

[33] *Id.* § 2253(c)(2).

---

[34] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).